IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY E. SELLS,                          3:12-cv-01288-BR

       Plaintiff,                   OPINION AND ORDER

v.

ORACLE CORPORATIONS and ORACLE
AMERICA, INC., also known as
Oracle USA, Inc.,

       Defendants.

BETH ANN CREIGHTON
JESSICA ASHLEE ALBIES
Creighton & Rose, P.C.
815 S.W. Second Avenue, Suite 500
Portland, OR 97204
(503) 221-1792

       Attorneys for Plaintiff

VICTOR JOSEPH KISCH
KAREN L. O'CONNOR
Stoel Rives, LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, OR 97204
(503) 294-9291

       Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Supplemental Motion (#44) for Attorney Fees. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion and **AWARDS** to Plaintiff attorneys' fees in the amount of **$1,250.00**.

## BACKGROUND

On January 29, 2015, an arbitrator issued an award to Plaintiff in the amount of $247,466.16 (plus interest) on Plaintiff's employment-discrimination claims. The following Monday, February 2, 2015, Plaintiff's counsel emailed Defendants' counsel to advise Defendants that Plaintiff would move to convert the arbitration award into a judgment if Plaintiff did not receive payment by Friday, February 6, 2015. Defendants' counsel did not immediately respond to that email.

On Thursday, February 5, 2015, Plaintiff's counsel called counsel for Defendants to inquire about payment. The parties dispute whether and when Defendants' counsel responded to this inquiry. Defendants contend their counsel informed Plaintiff's counsel that payment was forthcoming and that it was not necessary to file a motion to convert the arbitration award to a judgment. Plaintiff contends, in turn, that Defendants' counsel did not, in fact, assure her that payment was forthcoming.

2 - OPINION AND ORDER

On February 9, 2015, Plaintiff filed a Motion (#35) for Judgment Confirming Arbitration Award . That same day Defendants' counsel emailed Plaintiff's counsel to advise that even though Defendants did not find a motion to convert the arbitration award to a judgment was necessary, Defendants did not object to such a motion. The next day (February 10, 2015), Plaintiff's counsel emailed to inquire why Defendants did not think the motion was necessary in light of the fact that Defendants had not advised Plaintiff when she would receive payment.

On February 11, 2015, Defendants' counsel requested Plaintiff's counsel to complete a W-9 form in preparation for Defendants making their payment to Plaintiff.

On February 18, 2015, Defendants tendered full payment of the amount owed under the arbitration award.

On February 25, 2015, the Court entered a Judgment and Order (#41) Confirming Arbitration Award that included the sums awarded under the arbitration award as well as $800 in attorneys' fees for preparation and filing of the Motion for Judgment Confirming Arbitration Award. That same day Defendants' counsel emailed the Court to request removal of the $800 in attorneys' fees from the Order and Judgment. Plaintiff objected to Defendants' request.

The Court held a hearing on March 16, 2015, at which the Court concluded the $800 would remain part of the Judgment unless

3 - OPINION AND ORDER

and until any party elected to file a formal motion to amend the Judgment.

On March 24, 2015, Defendants sent to Plaintiff's counsel a check for $800 purporting to be for "final attorneys' fees and costs." Because Plaintiff's counsel believed she incurred an additional $400 in attorneys' fees as a result of attending the March 16, 2015, hearing, however, Plaintiff's counsel returned the check out of a concern that accepting the payment would foreclose Plaintiff's ability to seek additional attorneys' fees.

Accordingly, on March 26, 2015, Plaintiff filed the Supplemental Motion for Attorney Fees in which she initially sought $2,280.00 in attorneys' fees that included $400 in attorneys' fees incurred for the one hour that Plaintiff's counsel spent attending the March 16, 2015, hearing (including $240.00 for 0.6 hours expended walking to and from the hearing); $1,080 in attorneys' fees to compensate Plaintiff's counsel for 2.7 hours expended for initial preparation of this Motion; $640.00 for 1.6 hours expended researching the principles of "accord and satisfaction" and drafting a letter to Defendants' counsel to accompany rejection of the check; and $160.00 for 0.4 hours expended revising this Motion.

Defendants oppose this Motion on the ground that it was unnecessary for Plaintiff to file the Motion for Judgment Confirming Arbitration Award because Defendants were in the

4 - OPINION AND ORDER

process of paying and ultimately timely paid the award in full with interest.

In her optional Reply Memorandum Plaintiff restates many of the same background facts included in her original memorandum and argues the attorneys' fees are reasonable to provide an adequate remedy for employment-discrimination plaintiffs. Plaintiff also requests an additional $680.00 for 1.7 hours of attorney time preparing Plaintiff's Reply Memorandum. In total, therefore, Plaintiff seeks $2,960.00 for 7.4 hours of attorney time.

## DISCUSSION

In her Complaint Plaintiff brought claims for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and Oregon Revised Statute § 659A.112, and for gender discrimination under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e, and Oregon Revised Statute § 659.030. Plaintiff does not specify which claims were successful before the arbitrator or which statutory provision entitles Plaintiff to attorneys' fees.[1] Accordingly, the Court analyzes Plaintiff's Motion under both the federal and state standards.

---

[1] In her Memorandum in support of her Supplemental Motion for Attorney Fees, Plaintiff notes she is entitled to attorneys' fees pursuant to "ORS 659A.885 and ORS 20.107," but subsequently Plaintiff cites federal case law to support her request for an award of attorneys' fees.

## I. Federal Standard

Under federal fee-shifting statutes "the lodestar approach" is "the guiding light" when determining a reasonable fee. *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1671-73 (2010)(internal quotation omitted). Under the lodestar method the court first determines the appropriate hourly rate for the work performed and then multiplies that amount by the number of hours properly expended in doing the work. *Id.* Although "in extraordinary circumstances" the amount produced by the lodestar calculation may be increased, "there is a strong presumption that the lodestar is sufficient." *Id.* at 1669. The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Retirement Income Plan For Hourly-rated Emps. of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008)(quotations omitted). When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To determine the lodestar amount, the court may consider the following factors:

6 - OPINION AND ORDER

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002)(quotation omitted). A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for the award of attorneys' fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

The lodestar amount is presumed to be the reasonable fee, and, therefore, "'a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts.'" *Summers v. Carvist Corp.*, 323 F. App'x 581, 582 (9th Cir. 2009)(quoting *Van Gerwen v. Guarantee Mut. Life. Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). "Adjustments [to the lodestar amount] must be carefully tailored . . . and [made] only to the extent a factor has not been subsumed within the lodestar calculation." *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009)(citing *Camacho*

7 - OPINION AND ORDER

*v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)).

## II. State Standard

Under Oregon law the factors provided by Oregon Revised Statute § 20.075 guide the court's analysis as to whether the amount of attorneys' fees is reasonable. *See Hamlin v. Hampton Lumber Mills, Inc.*, 227 Or. App. 165, 167-68 (2009). The court shall consider:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
> (c) The fee customarily charged in the locality for similar legal services.
> (d) The amount involved in the controversy and the results obtained.
> (e) The time limitations imposed by the client or the circumstances of the case.
> (f) The nature and length of the attorney's professional relationship with the client.
> (g) The experience, reputation and ability of the attorney performing the services.
> (h) Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2). Notably, many of the state factors are similar to those considered in the federal lodestar analysis.

## III. Analysis

To determine the reasonable hourly rate, this Court uses the most recent Oregon State Bar Economic Survey published in 2012 (Oregon 2012 Survey) as its initial benchmark. Attorneys may argue for higher rates based on inflation, specialty, or any

8 - OPINION AND ORDER

number of other factors. The median billing rate in Oregon for an attorney in private practice is $225.00 per hour.

As noted, Plaintiff seeks a rate of $400.00 per hour for the attendance of Plaintiff's counsel at the March 16, 2015, hearing; communication with Defendants' counsel regarding attorneys' fees; and preparation of this Motion. The Court finds $400.00 per hour is unreasonable for the attorneys' fees sought in this Motion.

The only issues Plaintiff's counsel has litigated relevant to this Motion are the unopposed Motion for Order Confirming Arbitration Award and this Motion. Although Plaintiff's counsel are experienced and qualified, neither Motion has required analysis of complex legal or factual issues. *See Fischel*, 307 F.3d at 1007 n.7. *See also* Or. Rev. Stat. § 20.075(2)(a). Thus, because the rate of $400.00 per hour is well in excess of the median hourly rate for private-practice attorneys in Oregon and because Plaintiff's counsel only performed simple tasks before this Court, the Court finds the $400.00 hourly rate is unreasonable. Accordingly, after considering all of the factors under both the federal and state standards described above, the Court, therefore, reduces the hourly rate for attorneys' fees to $250.00 per hour.

The Court also reduces the hours reasonably expended by Plaintiff's counsel in pursuing these matters. Poor communication between counsel was a substantial cause of the

attorneys' fees incurred by Plaintiff. The Court notes even though poor communication by Defendants' counsel contributed to the complication of this matter, the three-month process of confirming the arbitration award and litigating Plaintiff's Supplemental Motion for Attorney Fees would have been unnecessary if Plaintiff's counsel had exercised some patience. Indeed, Defendants timely made payment of the arbitration award to Plaintiff, and there is not any evidence in the record that Plaintiff needed to proceed with such urgency (especially in light of the interest to which Plaintiff was entitled under the arbitration award) or that Defendants' forthcoming payment was caused or expedited by Plaintiff's filing of the Motion for Judgment Confirming Arbitration Award.

Thus, it would be unreasonable to require Defendants to bear the full amount of the attorneys' fees that Plaintiff seeks in this Motion in light of the fact that Plaintiff's counsel was partially responsible for creating the work for which those fees were incurred. Accordingly, the Court reduces the hours reasonably expended by approximately one-third to 5.0 hours.

On this record, therefore, the Court awards to Plaintiff $1,250.00 ($250.00 per hour x 5 hours) in attorneys' fees.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in**

**part** Plaintiff's Supplemental Motion (#44) for Attorney Fees. The Court **AWARDS** attorneys' fees to Plaintiff in the amount of **$1,250.00**. Defendants shall issue payment to Plaintiff's counsel no later than **June 19, 2015**. The Court will not consider any further motions for attorneys' fees absent extraordinary circumstances.

IT IS SO ORDERED.

DATED this 5th day of June, 2015.

_____
ANNA J. BROWN
United States District Judge

11- OPINION AND ORDER